UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02324

**Rangel Gutierrez,**
*Petitioner,*
v.
**Vergara, et al.,**
*Respondents.*

## ORDER

Ramon Rangel Gutierrez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release and an injunction against his transfer out of the T. Don Hutto Detention Center or the Western District of Texas without reasonable notice during the pendency of his petition. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection in or about 2001. Petitioner was previously encountered by immigration officials and voluntarily returned to Mexico on or about April 16, 2001. Petitioner was most recently detained by federal immigration authorities on or about August 16, 2026, following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On August 24, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release and an injunction against his transfer out of the T.

Don Hutto Detention Center or the Western District of Texas without reasonable notice during the pendency of his petition. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act, bond regulations, and his rights as a member of a "bond eligible" class. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1]

Out-of-circuit class actions do not control. Petitioner cannot rely on *Guerrero Orellana v. Moniz*, 813 F. Supp. 3d 185 (D. Mass. 2025) or *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. Feb. 18, 2026) for relief. *See Tapia v. Mullin*, 834 F. Supp. 3d 718, 728 (W.D. Tex. 2026). The reasons underpinning both decisions are contrary to the Fifth Circuit's *Buenrostro* decision. *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026)). "As a district court, we are 'not free to overturn our circuit's precedent.'" *Id.* (quoting *Green v.*

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

*Thomas*, 129 F.4th 877, 890 (5th Cir. 2025)). For the reasons set forth in Parts I–III and V of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside this district or the T. Don Hutto Detention Center with or without prior notice. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district or the T. Don Hutto Detention Center. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer with or without notice would be unlawful. Respondents are under no obligation to notify the Court prior to transferring Petitioner. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). To the extent Petitioner's request for an injunction against transfer outside this Court's jurisdiction constitutes a request for an injunction against removal from the United States, Petitioner likewise presents no persuasive reason for the Court to enjoin his removal from the United States pending the adjudication of this petition. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on September 30, 2026.*

ANDREW DAVIS
United States District Judge